[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff, Mark E. Scheinberg, brings this action challenging the property tax assessment on his East Hartford property by the Defendant, see General Statutes §§ 12-117a,12-118.
The property at issue, 745-763 Burnside Avenue, East Hartford, consists of two former residential "mansions" and a more recently constructed school building (Ex. G, H and 4). The property, which is in a residential zone, is being used by means of a special permit for a school and offices (Ex. E, # 1, 2).
One basis for Plaintiff's claim of lower value is the restrictions on the property. Plaintiff believes he can only rent to non-profit organizations. The town disputes the existence of any such restriction.
In support of his claim, the Plaintiff testified, as well as a member of the East Hartford Historical Board of Review and a real estate appraiser. The Defendant also called appraisers as witnesses along, with the Town Planner.
The Court finds that Plaintiff failed to prove that the property was subject to a restriction as to its use only by non-profit organizations. Further the substantial weight of the evidence was that the restriction to non-profit tenants would not substantially reduce the property income and value. Plaintiff's appraiser only reduced the value for non-profit restriction by accepting Plaintiff's report that there was no income for the portion of the property made available to non-profits (Ex. I).
Plaintiff out of a serious sense of community service and altruistic instincts desires to assist struggling non-profit organizations. Such a philosophy may be commendable, but should not affect the property's market value. East Hartford taxpayers are not required to indirectly subsidize these activities.
Plaintiff is free to rent his property as office space to for profit or non-profit organizations. The property unquestionably has value as rental property regardless of which profit status entity leases it. CT Page 3073
The parties further differ over the property's value even without the non-profit restriction. The Court finds Plaintiff's appraisal more persuasive and essentially adopts it. Plaintiff's appraiser failed to reflect a tax phase in when calculating the property value. Correcting the calculation for the actual taxes reflects a value of approximately $924,000, which the Court finds as the actual property value on October 1, 1993. In that the property was assessed at $988,942 at that date, the Plaintiff's appeal is affirmed. The Defendant is ordered to assess the 745 and 763 Burnside Avenue property at a total 100% assessment of $924,000.[1]
Robert F. McWeeny, J.